# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2526

_____

James Edward Thornberg

*Plaintiff - Appellant*

v.

State Farm Fire and Casualty Company; Dale Gerdin; Carol Gerdin; John & Jane
Does 1-5

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 29, 2016
Filed: April 5, 2016
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this diversity action, James Thornberg appeals the adverse judgment entered after the district court[1] determined that his complaint was barred by the applicable statute of limitations.

Upon careful de novo review, we conclude that Mr. Thornberg's own complaint, filed in 2014, established that his claims accrued in 1999 and thus were untimely under the applicable six-year statute of limitations. See Strawn v. Mo. State Bd. of Educ., 210 F.3d 954, 957 (8th Cir. 2000) (standard of review); see also Minn. Stat. § 541.05 subdiv. 1 (six-year statute of limitations for certain civil actions). We note that Mr. Thornberg was not entitled to equitable tolling based on fraudulent concealment, as his complaint showed he was aware of his claims in 1999. See Minn. Laborers Health and Welfare Fund v. Granite Re, Inc., 844 N.W.2d 509, 514 (Minn. 2014) (fraudulent concealment tolls statute of limitations only until party discovers, or has reason to discover, cause of action). We also note that--even assuming he was entitled to statutory tolling based on an impaired mental state--his claims were nonetheless time-barred, as such tolling is limited to five years. See Minn. Stat. § 541.15(a) (limitations period shall be suspended during periods of, inter alia, plaintiff's insanity, provided that such period shall not be extended for more than five years). Finally, we conclude that the district court properly denied Mr. Thornberg's motion to amend his complaint, and his motion to stay the court's ruling. See Silva v. Metro. Life Ins. Co., 762 F.3d 711, 719-20 (8th Cir. 2014) (court may deny leave to amend when proposed amendments would be futile); see also Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014) (to obtain stay of ruling on summary judgment motion, party must file affidavit affirmatively showing how stay will enable him to rebut showing of absence of genuine issue of fact). Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.